1  Bryan Benard (Bar No. 192630)
2  Adam Bouka (Bar No. 322388)
   HOLLAND & HART LLP
3  222 S. Main Street, Suite 2200
   Salt Lake City, UT 84101
4  Telephone: (801) 799-5800
5  bbenard@hollandhart.com
   abouka@hollandhart.com
6
7  *Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMAIN PELLERIN, an individual, | **NOTICE OF REMOVAL** |
| Plaintiff, | |
| vs. | Case No: **'25CV1952 BTM SBC** |
| INPUT OUTPUT GLOBAL, INC., a Wyoming corporation (formerly Delaware); | Judge _____ |
| INPUT OUTPUT GLOBAL SINGAPORE PTE. LTD, a Singapore corporation; | |
| INPUT OUTPUT HK LIMITED, a Hong Kong corporation; | |
| IOHK USA LLC, a Wyoming limited liability company; and | |
| DOES 1-200, inclusive, | |
| Defendants. | |

1
**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Input Output Global, Inc.; Input Output Global Singapore Pte. Ltd.; Input Output HK Limited; and IOHK USA LLC ("Defendants") hereby give notice of removal of the action titled *Romain Pellerin v. Input Output Global, Inc., et al.*, Case No. 25CU039201C, from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California. This action is removable pursuant to 28 U.S.C. §§ 1332 and 1441 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. In support of this Notice of Removal, Defendants state as follows:

## I. BACKGROUND

1. On July 29, 2025, Plaintiff Romain Pellerin ("Plaintiff") commenced an action in the Superior Court of the State of California, County of San Diego, entitled *Romain Pellerin v. Input Output Global, Inc., et al.*, Case No. 25CU039201C. A true and correct copy of the Complaint, which was obtained by Defendants, is attached hereto as Exhibit A, as required by 28 U.S.C. § 1446(a).

2. This action is removable under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and all named Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. As of the date of this filing, Defendants believe that no defendants have been properly served.

## TIMELINESS OF REMOVAL

3. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days of July 29, 2025—the date on which Defendants first received, through service or otherwise, a copy of the Complaint, which is the initial pleading from which removability could first be ascertained. No pleadings have been served on Defendants as of the date of this filing.

## II. JURISDICTION AND GROUNDS FOR REMOVAL

### Diverse Citizenship

4. This action is properly removable under 28 U.S.C. § 1441 because this Court has original jurisdiction under the diversity jurisdiction provisions of *28 U.S.C.* § 1332. In relevant part, that section provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States; …" 28 U.S.C. § 1332(a).

5. Plaintiff Romain Pellerin is, and was at the time of the filing of the Complaint, a citizen of the State of California. (*See* Compl. ¶ 3; *see* also Decl. of Bryan Benard in Supp. of Notice of Removal ("Benard Decl.") ¶ 4.)

6. Defendant Input Output Global, Inc. is, and was at the time of the filing of the Complaint, a corporation organized under the laws of the State of Wyoming, with its principal place of business in the State of Colorado. Accordingly, for purposes of diversity jurisdiction, Defendant Input Output Global, Inc. is a citizen of both Wyoming and Colorado. Defendant IOHK USA LLC is a limited liability company organized under the laws of the State of Wyoming. Its sole member is Input Output Global, Inc. Accordingly, for purposes of diversity jurisdiction, IOHK USA LLC is likewise a citizen of Wyoming and Colorado. (*See* Benard Decl. ¶ 3.)

### Forum Defendant Not Yet Served – Snap Removal Doctrine Applies

7. At the time of this filing, no defendant who is a citizen of the forum state of California has been properly joined and served. On information and belief, Defendants do not believe any other defendant is a citizen of California. Even if one or more defendants may be citizens of California, 28 U.S.C. § 1441(b)(2) does not bar removal because the forum defendant rule applies only when such a defendant has been "properly joined and served." Because no potential forum-state defendant has been served as of the date of this filing, removal is proper under the plain language of the statute. (*See* Benard Decl. ¶ 5)

### III.  COMPLIANCE WITH PROCEDURAL REQUISITES

8. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff does not assert any claim arising under federal law, and Defendants do not concede that any such claim exists.

9. Defendants reserve all rights and defenses, including but not limited to defenses related to personal jurisdiction, improper venue, and insufficiency of process or service of process. Defendants also reserve the right to supplement this Notice of Removal with affidavits, declarations, deposition testimony, expert reports, discovery responses, and additional legal argument as appropriate

10. Venue for purposes of initial removal is proper in this Court under 28 U.S.C. § 1441(a) because the Superior Court of California, County of San Diego—where this action was filed—is located within the United States District Court for the Southern District of California. By removing this action, Defendants do not concede that venue was proper in the Superior Court of California, County of San Diego, or that this Court is the proper venue for adjudication on the merits.

11. In accordance with 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of California, County of San Diego, and will serve written notice of the removal on Plaintiff's counsel of record.

WHEREFORE, Defendants respectfully request that this case be removed from the Superior Court of California, County of San Diego to this Court, and that this Court assume jurisdiction of this action and issue such further orders and processes as may be necessary to bring before it all parties necessary for trial.

DATED this 31st day of July, 2025.

By: __/s/ Bryan Benard_____
Bryan Benard
Adam Bouka

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101

*Attorneys for Defendants Input Output Global, Inc.; Input Output Global Singapore Pte. Ltd.; Input Output HK Limited; and IOHK USA LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of July, 2025, a true and correct copy of the foregoing **NOTICE OF REMOVAL** to be to be served via email to the following:

Yano Rubinstein
Kymberleigh N. Korpus
RUBINSTEIN LAW
2021 Fillmore Street #2260
San Francisco, CA  94115
yano@rublaw.com
kkorpus@rublaw.com

*Attorneys for Plaintiff*

By:   /s/ Bryan Benard

35506826_v1